**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**AARON DREW BINKLEY**                                                                **PLAINTIFF**

**V.**                                       **NO. 4-08-CV-01845 GTE**

**ENTERGY OPERATIONS, INC.**                                                     **DEFENDANT**

**ORDER DENYING ATTORNEY'S FEES AND AWARDING COSTS**

Defendant Entergy Operations, Inc. ("Entergy") has filed a motion seeking an award of attorneys fees and costs from Plaintiff Aaron Drew Binkley, its former employee. Plaintiff Aaron Binkley ("Binkley") has filed a response opposing any award of attorney's fees and Entergy has filed a reply brief. The Court, after careful consideration, declines to award attorney's fees but will award Entergy its costs, the amount of which has not been disputed.

**I.    BACKGROUND**

Following his termination for allegedly falsifying his timesheets, Binkley filed this action seeking reinstatement of his employment. His Complaint asserted claims for breach of contract and promissory estoppel. Both claims were ultimately dismissed on summary judgment.

Binkley's breach of contract claim was based on Entergy's alleged breach of an employment policy which Binkley argued required Entergy to abide by a review panel's recommendation for reinstatement. Entergy defended contending that the policy in question did not alter Binkley's at-will employment status and provided him with no enforceable contractual rights.

Binkley contended in his promissory estoppel claim that Entergy, through its employees, promised to abide by the review panel's recommendation, but failed to do so. The Court never

considered the merits of the claim because it found the claim was filed outside the three year limitations period for filing such claims.

## II.     DISCUSSION

Under Arkansas law, a court may award attorney's fees to a party who prevails in a breach of contract action. Ark. Code Ann. § 16-22-308. The initial decision of whether to award attorney's fees is a matter within the discretion of the trial court. *Southern Bank of Commerce v. Union Planters Nat.*, 375 Ark. 141, __ S.W.3d ___ (2008). The presiding trial judge is generally regarded to have "an intimate acquaintance with the trial proceedings" and a "superior perspective" from which to exercise such discretion. *Id*.

When both contract and tort claims are asserted, an attorney's fee award may be made as long as the action is based primarily in contract. *Reed v. Smith Steel, Inc.*, 77 Ark. App. 110, 126, 78 S.W.3d 118, 122 (2002). There is some dispute as to whether this action was primarily based in contract, but the Court assumes for purposes of the present motion that Entergy, as the successful defendant on a breach of contract claim, is the "prevailing party" to which a fee award may be made. *Perry v. Baptist Health*, 368 Ark. 114 (2006); *Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180 (1995).

After a review of the record in this case and careful consideration, the Court declines to make an award of attorney's fees to Entergy. In reaching this decision, the Court is influenced somewhat by the disparity in wealth and power between the parties, but more so by an assessment of the equities. Arkansas law greatly favors employers over their at-will employees. While the Court does not question Entergy's initial decision to terminate Binkley, its conduct thereafter is troubling. First, Entergy permitted Binkley to go through the equivalent of an appeal of his termination, during which Binkley believed that he could get his job back if the panel

voted in his favor, even though Entergy now says he was not eligible for rehire.  Entergy's Director of Human Resources, Becki Bressler, stated in her affidavit that she made a mistake in allowing Binkley to seek a panel review of his discharge.  Then, after the panel voted to reinstate Binkley's employment, Entergy took several months to advise Binkley of its final decision not to abide by the panel's decision.   As a result of Entergy's conduct, Binkley was terminated in April but did not find out until September or later that he would not get his job back.

Under the circumstances and given Entergy's less than clear policy, a reasonable person in Binkley's shoes would have believed prior to the panel decision that  he could get his job back and after the panel decision that he would get his job back.  The decisions that Binkley made during this period were no doubt influenced by his mistaken belief.  Entergy arguably appears to have acted with disregard of the likely consequences to Binkley.  Binkley contends that he was forced into bankruptcy as a result of his termination.  Entergy disputes this, pointing out that Binkley filed for bankruptcy on May 8, 2005, less than a month after his discharge and before the panel determination to reinstate his employment. Regardless of Binkley's financial condition at the time of the events in question, it was likely made worse as a result of the unnecessary delay in learning that he was not going to be reinstated.

Under the circumstances, it is understandable that Binkley, who had worked for Entergy for 22 years, would fight to keep his job.  While there may be no legal redress for Entergy's less than forthright conduct, it is an equitable factor that weighs in the calculus an award of attorney's fees.  While the law may be in Entergy's favor, the equities are not.

In conclusion,

IT IS HEREBY ORDERED THAT Defendant Entergy's Motion for Attorney's Fees and Costs (Docket No. 31) be, and it is hereby, DENIED as to the attorney's fee request and GRANTED as to costs.  Costs in the amount of $1,677.10 are hereby awarded to Entergy.

IT IS SO ORDERED this  7th   day of July, 2009.

       /s/Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE